[611 NYS2d 882]

In the Matter of LLOYD A. McFARLANE (Admitted as LLOYD ANTHONY McFARLANE), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 2, 1994

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for petitioner.

*Alton G. Rose,* Jamaica, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with nine allegations of professional misconduct. The Special Referee sustained all nine charges. The Grievance Committee moved to confirm the report of the Special Referee. The respondent has submitted papers in opposition, in which he concludes that any measure of discipline beyond censure would be unduly harsh.

Charge One alleged that the respondent improperly converted client funds. On or about February 27, 1989, the respondent represented the purchasers of real property in Queens. There was a previously existing lien on the property of $36,400, as a result of a disputed judgment against the sellers, in favor of an attorney for outstanding legal fees. At the closing, an escrow agreement was executed which provided that the respondent, as fiduciary, would hold $36,400 in escrow until the judgment was satisfied.

The respondent deposited the funds entrusted to him into his Citibank "Attorney-at-Law" IOLA account on or about April 18, 1990. On August 14, 1991, the balance in that account was $20,240, well below the amount the respondent was required to maintain in escrow. On September 30, 1991, the balance in that account was depleted to zero. To date, the judgment against the sellers remains unsatisfied.

Charge Two alleged that the respondent failed to comply with the lawful demands of the petitioner Grievance Committee. The petitioner received a complaint from the attorney who was the judgment creditor of the sellers, on or about April 2, 1992, alleging professional misconduct by the respondent. The petitioner initiated an investigation based upon that complaint.

By letter dated April 10, 1992, sent to the respondent via certified mail, the Grievance Committee requested a written response to that complaint within 10 days. The letter of April 10, 1992 was returned "unclaimed". On or about April 24, 1992, the Grievance Committee sent a second written request

for the respondent's answer, via registered mail, to the respondent at his office and residence in Jamaica, West Indies. To date, the respondent has failed to submit an answer to the allegations in that complaint.

Charge Three alleged that the respondent improperly converted client funds. On or about December 11, 1990, the respondent represented a seller of certain real property in Springfield Gardens, Queens. Pursuant to the terms of an escrow agreement executed at the closing, the respondent was entrusted, as a fiduciary, with the sum of $5,000 to be held in escrow until all outstanding violations and debts were paid. The respondent deposited those funds into his Citibank escrow account.

The seller and the purchaser's attorney subsequently attempted to contact the respondent to ascertain whether the existing violations and debts had been satisfied and when the funds entrusted to the respondent would be disbursed. The respondent failed to reply to those inquiries.

The balance in that account was depleted to $977.09 on or about September 4, 1991. On September 30, 1991, the balance was depleted to zero.

Charge Four alleged that the respondent failed to comply with the lawful demands of the Grievance Committee. On or about June 20, 1991, the Grievance Committee received a complaint against the respondent from the seller of the Springfield Gardens property. The Grievance Committee initiated an investigation based upon that complaint. By letter dated June 26, 1991, the Grievance Committee requested a written response to that complaint within 10 days. In response to requests made on the respondent's behalf, the Grievance Committee extended the respondent's time to answer until October 1991. To date, the respondent has failed to answer that complaint.

Charge Five alleged that the respondent improperly converted client funds. The respondent was retained by the sellers of real property located in Queens Village. On or about July 19, 1990, the respondent was entrusted as fiduciary with the sum of $7,000, representing the down payment on the purchase. The respondent deposited that sum in his Citibank escrow account pending completion of the transaction. At the closing on October 30, 1990, the respondent was left with $1,000 of the $7,000 down payment to hold in escrow until the sellers vacated the premises. The sellers vacated the premises

on November 9, 1990, and they and the purchaser's attorney thereafter requested that the respondent disburse the escrow funds. The respondent failed to take any action in response to those requests.

On or about July 14, 1991, the balance in the respondent's Citibank escrow account had dropped to $977.09. On September 30, 1991, it was depleted to zero.

Charge Six alleged that the respondent neglected a legal matter entrusted to him with respect to the sale of real property by the sellers of the Queens Village property, as set forth in Charge Five.

Charge Seven alleged that the respondent neglected a legal matter entrusted to him. On or about September 9, 1990, the respondent was retained to represent the husband in divorce and child custody proceedings. He failed to appear at scheduled proceedings on behalf of his client in Family Court, Kings County, on or about September 24, 1990. From September 1990 to June 1991 the client was unable to contact the respondent, who failed to take any further action with respect to these matters. The client was advised by the respondent's secretary, in or about June 1991, that the respondent no longer worked at his office address and had left no forwarding address. To date, he has had no additional contact or communication with the respondent.

Charge Eight alleged that the respondent failed to comply with the lawful demands of petitioner Grievance Committee. Based upon the complaint with respect to Charge Seven, received on or about August 2, 1991, the Grievance Committee initiated an investigation into the respondent's alleged acts of professional misconduct. By letter dated August 9, 1991, sent via first class and certified mail, the Grievance Committee requested that the respondent submit a written answer to the complaint within 10 days. The letter, sent via certified mail, was returned unclaimed. To date, the respondent has failed to submit an answer to the allegations of that complaint.

Charge Nine alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law. In registering with the Office of Court Administration, the respondent gave his law office address as 88-11 Francis Lewis Boulevard, Queens Village. The respondent has not maintained an office for the practice of law at that address since September 1991. He maintains a law office in Kingston, Jamaica.

Since approximately September 1991 the respondent failed to maintain contact with many of his clients, the petitioner Grievance Committee and others. Moreover, he has failed to respond to written inquiries of his clients and has abandoned his legal practice to the detriment of his clients.

After reviewing all of the evidence adduced, we conclude that the Special Referee properly sustained all nine charges of professional misconduct against the respondent.

In determining an appropriate measure of discipline to impose, we have taken into consideration the respondent's claim that the removal of funds from his escrow account was contrary to the agreement he had entered into with a colleague, who was to tend to the respondent's practice of law in his absence. Notwithstanding this claim, the respondent is guilty of serious professional misconduct. When the balance in the respondent's escrow account fell below the sum which he was required to be holding in escrow, the respondent was guilty of conversion. Under the circumstances, the respondent is disbarred.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and SANTUCCI, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Lloyd A. McFarlane, admitted under the name Lloyd Anthony McFarlane, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Lloyd A. McFarlane is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.